# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

LEE HEINEY,                                )
                                           )
    Plaintiff,                             )
                                           )
v.                                         )
                                           )
WILLBROS CONSTRUCTION (U.S.),              )
LLC, a Delaware corporation,               )
                                           )
    Defendants.                            )

## COMPLAINT AND JURY DEMAND

Plaintiff Lee Heiney, by and through his attorney James C. Plott, submits this Complaint and Jury Demand against Defendant Willbros Construction (U.S.), LLC, and states as follows:

### INTRODUCTION

This is a Fair Labor Standards Act overtime case. Plaintiff Lee Heiney was an oil industry site crane operator for Defendant. For several years, Mr. Heiney regularly worked between 60 and 90 hours per week and was paid as a salaried employee, receiving no overtime. Defendant reclassified him as an hourly employee in 2014. Mr. Heiney seeks unpaid overtime owed prior to his reclassification.

### I.  PARTIES

1.     Plaintiff Lee is a resident of Colorado, residing at 12669 N. C.R. 5 in Wellington,

Colorado.

2. Defendant Willbros Construction (U.S.), LLC (hereinafter, "Willbros") is a Delaware corporation with principal place of business in Houston, Texas, and is authorized to conduct business in Colorado, with Colorado headquarters at 3939 Carson Avenue in Evans, Colorado.

## II.  JURISDICTION AND VENUE

3. Jurisdiction in this case is founded upon the Fair Labor Standards Act ("FLSA" or the "Act") 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 as this case presents a federal question and concerns an Act regulating commerce.

4. At all times pertinent to the Complaint and Jury Demand, Willbros was an enterprise engaged in commerce or in the production of goods for commerce and whose annual business done exceeded $500,000.

5. The Court also has jurisdiction over Plaintiff's claims for violations of the Colorado Wage Act pursuant to 28 U.S.C. § 1367(a); the State claims are so related to the FLSA claims that they form part of the same case or controversy.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in the District of Colorado.

## III.  GENERAL ALLEGATIONS

7. Plaintiff incorporates by reference each prior numbered paragraph.

8. Mr. Heiney was hired by Willbros on October 30, 2011, to operate a crane. For the past three years, he worked more often than not in Colorado.

9. Mr. Heiney was originally classified by Willbros as an exempt "superintendent" and paid a salary with no overtime.

10. Mr. Heiney was reclassified by Willbros as a nonexempt "operator" on August 17, 2014, and was thereafter properly paid overtime.

11. At all times pertinent to the Complaint and Jury Demand, Mr. Heiney's job duties were to operate a crane.

12. At all times pertinent to the Complaint and Jury Demand, Mr. Heiney neither customarily nor regularly directed the work of two or more employees.

13. At all times pertinent to the Complaint and Jury Demand, Mr. Heiney lacked the authority to hire or fire other employees.

14. At all times pertinent to the Complaint and Jury Demand, Mr. Heiney could not and did not make suggestions or recommendations that were given particular weight as to the hiring, firing, advancement, promotion or any other change of status of employees.

15. Mr. Heiney's primary duties were not the management of the enterprise in which he was employed or of a customarily recognized department or subdivision thereof.

16. Mr. Heiney was not employed as a bona fide administrative or professional or computer field employee, nor was he in sales.

17. Mr. Heiney is a former employee of Willbros as defined in the Act.

18. Mr. Heiney signed in each morning he arrived at a job site and signed out at the end of the day. All Willbros employee time sheets were entered into a computer.

19. Willbros has electronic timesheet records concerning Mr. Heiney hours worked.

**FIRST CLAIM FOR RELIEF**
(Violation of Fair Labor Standards Act of 1938)

20. Plaintiff realleges and incorporates by reference each prior numbered paragraph as if fully set forth herein.

21. At all times material, Mr. Heiney has been entitled to the rights, protections, and benefits provided under FLSA, 29 U.S.C. §§ 201 et seq.

22. Defendant Willbros was and is subject to the recordkeeping and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

23. Defendant Willbros violated the Act by failing to pay Mr. Heiney for all of his time worked, including overtime.

24. None of the FLSA exemptions apply to Mr. Heiney.

25. Between October 30, 2011, and prior to August 17, 2014, Defendant Willbros willfully violated the Act in classifying Mr. Heiney as an exempt "superintendent" to avoid paying overtime to a crane operator.

26. Defendant Willbros investigated Mr. Heiney's administrative complaint in June or July of 2014, stalled for time, and in bad faith claimed that it could not locate necessary witnesses to support Mr. Heiney's claim for back overtime pay.

27. Even though Willbros reclassified Mr. Heiney as an operator on August 17, 2014, Willbros took no action to pay him back-due overtime.

28. Despite Willbros reclassifying Mr. Heiney as an operator on August 17, 2014, Willbros did not in fact pay any back-due overtime to Mr. Heiney.

29. Plaintiff Heiney is entitled to damages equal to the unpaid wages and mandated

overtime premium pay within three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by FLSA.

30. Defendant Willbros has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the Act, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendants did not act willfully in failing to pay overtime wages, Plaintiff is entitled to an award of pre- and post-judgment interest at the applicable rate.

31. As a result of the above-described willful violations of the FLSA overtime provisions, overtime compensation has been unlawfully withheld by Willbros from Mr. Heiney for which Willbros is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorney fees, and costs of this action.

**SECOND CLAIM FOR RELIEF**
(Violation of Colorado Wage and Hour Laws)

32. Plaintiff realleges and incorporates by reference each prior numbered paragraph.

33. Defendant Willbros has violated the Colorado Wage Act, Colo. Rev. Stat. §§ 8-6-101 et seq.

34. Mr. Heiney is an employee within the definition of 7 Colo. Code Regulations 1103-7:2.5.

35. Defendant Willbros is an employer within the definition of 7 Colo. Code Regulations 1103-7:2.6.

36. Mr. Heiney, at all times pertinent to the Complaint and Jury Demand, was a crane operator. He did was not an administrative, executive, supervisory, or professional employee, nor was he an outside salesperson.

37. Mr. Heiney was not exempt from the overtime requirements of the Colorado Wage Act.

38. By not paying Mr. Heiney overtime, Willbros violated Colorado Minimum Wage Order Number 28 (beginning January 1, 2012), Number 29 (beginning January 1, 2013), and Colorado Minimum Wage Order Number 30 (beginning January 1, 2014).

39. Defendant claims that it investigated Mr. Heiney's wage claim complaint.

40. Defendant determined that it needed witnesses that it could not find in order to deal with Mr. Heiney's wage claim.

41. Defendant recognized that Mr. Heiney was misclassified as exempt when it reclassified him as an "operator" in August of 2014.

42. Defendant either failed to keep accurate records or failed to exercise good faith in investigating Mr. Heiney's wage claim given that Defendant has records of Mr. Heiney's hours worked.

43. Defendant Willbros was required under Colorado law to pay Mr. Heiney for unpaid wages and overtime.

44. Defendant Willbros has not paid Mr. Heiney unpaid wages and overtime, and Mr. Heiney has been damaged in an amount to be proven at trial.

## IV. REQUEST FOR RELIEF

1. Willbros is liable to Mr. Heiney for unpaid overtime, an additional equal amount

as liquidated damages, pre- and post-judgment interest, reasonable attorney fees, and costs of this action, and all other relief to which Mr. Heiney is entitled at law and in equity.

## V. JURY DEMAND

2. Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted this 6th day of March, 2015,

s/ James C. Plott
James C. Plott
P.O. Box 211
69 Edwards Access Road, Suite 11C
Edwards, CO 81632-0211
Telephone: 970-446-8700
Facsimile: 888-268-1795
E-mail: jcp@plottlaw.com
*Attorney for Plaintiff Lee Heiney*