IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-483-NYW

LEE HEINEY,

    Plaintiff,

v.

WILLBROS CONSTRUCTION (U.S.), LLC,

    Defendant.

## [PROPOSED] STIPULATED PROTECTIVE ORDER

This matter comes before the Court on the Parties' Joint Motion for Entry of Protective Order. The Court has reviewed the Motion. Pursuant to Federal Rule of Civil Procedure 26(c), as well as Federal Rules of Evidence 502(d) and (e), the Parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information. Therefore, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a), and specifically includes electronically-stored information and other data compilations. A draft or non-identical copy is a separate document within the meaning of this

term.

3. Information designated "CONFIDENTIAL" by any party shall be information that implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel records of current or former employees of Defendant Willbros Construction (U.S.), LLC; (b) Willbros' trade secrets and commercial, insurance, or financial information, including employee rate information; (c) non-public studies or analyses by internal or outside experts or consultants (excluding testifying experts in this case); (d) Plaintiff's tax returns and other financial information; (e) personal identifying information; and (f) any other material qualifying for protection under Fed. R. Civ. P. 26(c). CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case and furthermore is subject to disclosure only under the terms of this Protective Order.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

    a. The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial, or deposition in this action or any appeal therefrom ("Court Personnel");

    b. Any named party, outside counsel to such parties (whether or not they have entered appearances in this action), in-house counsel for corporate parties, and legal, clerical, paralegal, and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

    c. Experts or consultants retained by counsel in connection with this action;

    d. Deposition witnesses questioned by outside counsel of record for a

party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness agrees to be bound by the terms of this Protective Order, or (ii) if such witness refuses and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Protective Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, that the witness is subject to the Protective Order, and that any misuse of the Confidential Discovery Material will violate the Court's Protective Order and will be punishable as contempt of Court.

    e.    Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    f.    Any individual identified by a party as a person with knowledge under Fed. R. Civ. P. 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author or recipient agrees to be bound by the terms of this Protective Order; and

    g.    Other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply

with the Protective Order.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" on every page containing Confidential information. With the exception of depositions, which are discussed below in Paragraph 8, information, documents, and/or other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Stipulated Protective Order is issued, may be retroactively designated in the same manner.

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents, information, and/or other materials are confidential and entitled to protection pursuant to Paragraph 3 of this Protective Order, or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. In the case of deposition or other pretrial testimony, a party can designate testimony as CONFIDENTIAL by a statement on the record by counsel, at the time the testimony to be protected is given, that said testimony is "Confidential." Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned. To be effective, such notice must be sent within thirty (30) days of the date on which the Designating Party receives a copy of the transcript. In either event, counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential

Discovery Material.

9. A party may object to the designation of particular CONFIDENTIAL information by providing notice to the party designating the disputed information within twenty (20) calendar days of production of the information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file within fifteen (15) days of the notice an appropriate motion or otherwise to advise the Court that the dispute cannot be resolved by agreement of the parties, pursuant to the Court's practice standards, and requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed or if the designating party otherwise advises the Court that the dispute cannot be resolved by agreement of the parties, pursuant to the Court's practice standards, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion or resolves the dispute. If the designating party fails to file such a motion or advise the Court of the dispute within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed or dispute before the Court under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

~~10.~~ When filing any documents that contain information designated CONFIDENTIAL, the party filing such documents must ~~move the Court to restrict public access to the documents, and~~ follow all procedures ~~for restricting access to such Confidential Discovery~~

5

~~Material at a Level 1 restriction level~~ pursuant to D.C.COLO.LCivR 7.2. If the filing party does not intend to file the document under seal, the filing party shall confer with all parties' counsel concerning the filing of documents designated CONFIDENTIAL at least two (2) days before filing such documents.

11. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

12. If, during the course of this litigation, a Producing Party determines that it has produced privileged Discovery Material, pursuant to Federal Rule of Evidence 502(d) and (e):

    a. The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing. The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege claimed, and the basis for the assertion of the privilege. In the event that any portion of the Discovery Material does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege.

    b. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts, or compilations of the content of the privileged Discovery Material. To the extent

that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where privileged Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

c. To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice, the Receiving Party shall sequester the documents until the claim has been resolved. If the Receiving Party disclosed the Discovery Material subject to a claim of privilege before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

d. The Receiving Party's return, sequestration, or destruction of privileged Discovery Material as provided for in this Protective Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege. However, the Receiving Party is prohibited and estopped from arguing that:

   i. The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

   ii. The disclosure of the Discovery Material was not inadvertent;

   iii. The Producing Party did not take reasonable steps to

7

prevent the disclosure of the Discovery Material; or

   iv. The Producing Party failed to take reasonable or timely steps to rectify the error.

 e. Upon a determination by the Court that the Discovery Material is protected by the applicable privilege, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Protective Order). The Court may also order the identification by the Receiving Party of privileged Discovery Material by search terms or other means.

 f. Nothing contained in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13. The provisions of this Protective Order shall continue to be binding during this Court's jurisdiction over this action. If counsel has provided any person listed in Paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters) with any CONFIDENTIAL information, such counsel will ensure those individuals have returned that CONFIDENTIAL information to counsel within sixty (60) days after the parties receive notice of the entry of an order, judgment, or decree finally disposing of all litigation in which CONFIDENTIAL information was disclosed.

14. This stipulation shall be binding on the parties prior to its entry as a Protective

Order. Should the Court not enter this stipulation as a Protective Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation. Once entered, this Protective Order shall remain in effect during this Court's jurisdiction over this action, unless and until the Court enters a Protective Order to the contrary.

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 23d day of October , 2015.

BY THE COURT

s/ Nina Y. Wang
United States Magistrate Judge

APPROVED:

| *s/ James Plott* | *s/ Michelle L. Gomez* |
|---|---|
| James Plott | Joshua Kirkpatrick |
| 69 Edwards Access Road, Suite 11C | Michelle L. Gomez |
| P.O. Box 211 | Littler Mendelson, P.C. |
| Edwards, CO 81632-0211 | 1900 16th St., Suite 800 |
| Telephone:  970.446.8700 | Denver, CO 80202 |
| | Telephone 303.629.6200 |
| Attorney for Plaintiff | Attorneys for Defendant |

Firmwide:135877733.1 084046.1001